## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-CV-1000 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| EAST NORWEGIAN TOWNSHIP | : | |
| FIRE COMPANY, | : | |
| Defendant | : | |

**FILED**
**SCRANTON**

SEP 2 5 2017

PER _____
     **DEPUTY CLERK**

### MEMORANDUM ORDER

On June 9, 2017, Plaintiff filed a complaint against Defendant alleging

Defendant's default under the terms of a mortgage for the property at 16 Sunshine

Street, Pottsville, Pennsylvania 17901. (Doc. 1, p. 3). Specifically, Defendant is

in default under the terms of the mortgage and note for, inter alia, failure to make

payments of principal and interest when due. (Id.). As a result, Defendant owes

Plaintiff four hundred fifty-three thousand five hundred seventy-four dollars and

thirty-two cents ($453,574.32) in unpaid principal of mortgage debt; nine

thousand twenty-four dollars and eighty-eight cents ($9,024.88) in accrued interest

through June 6, 2017; and accrued interest from June 6, 2017 through the date of

this Order in the daily amount of fifty-four dollars and thirty-seven cents ($54.37).

(Id. at pp. 4-33); (Doc. 8, pp. 2-3, 5).

Although Defendant executed a waiver of service on July 17, 2017,

Defendant has not filed an entry of appearance, answered, moved, or otherwise

responded to the pleading. (Doc. 5). On September 7, 2017, Plaintiff filed a request for an entry of default judgment against Defendant, East Norwegian Township Fire Company, pursuant to Federal Rule of Civil Procedure 55(a), and a motion for default judgment and an accompanying brief in support pursuant to Federal Rule of Civil Procedure 55(b)(2), due to Defendant's failure to respond to the complaint. (Docs. 7, 8, and 9). On September 19, 2017, the Clerk of Court entered default against Defendant for "failure to answer, plead or otherwise defend against the Complaint, pursuant to Federal Rule of Civil Procedure 55(a)." (Doc. 11). Defendant has neither filed an answer or responsive pleading to the complaint or a response to the motion for default judgment, and with the time having lapsed to do so, the pending motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is now ripe for review. For the reasons set forth below, the Court will grant the unopposed motion and enter judgment in Plaintiff's favor in the sum requested.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) allows for the "entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person." Asendia USA, Inc. v. Advance Post, Inc., 2013 U.S. Dist. LEXIS 32024, at *3 (M.D. Pa. 2013) (Kane, J.) (citing FED. R. CIV. P. 55(b)).

2

"Entry of default does not entitle a claimant to default judgment as a matter of right." Asendia USA, Inc., 2013 U.S. Dist. LEXIS 32024, at *3 (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010)).

"Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court." Asendia USA, Inc., 2013 U.S. Dist. LEXIS 32024, at *2-3 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)). To determine whether default judgment should be entered, the following factors must be considered: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. Id. (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). However, when a defendant has failed to appear or respond in any fashion to the complaint "this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." T & C Leasing Inc. v. BBMC, LLC, 2010 U.S. Dist. LEXIS 2795, at *5 (M.D. Pa. 2010) (Kane, J.) (citing Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The United States Court of Appeals for the

3

Third Circuit has stated that:

> In most instances where a party's right to prosecute or defend
> would be terminated as a sanction, the moving party has the
> burden of creating a record showing the appropriateness of this
> ultimate sanction and the district court has the responsibility of
> making a determination on that issue in light of considerations
> like those articulated in <u>Poulis</u>.  When a defendant fails to
> appear and perhaps under other circumstances covered by Rule
> 55, the district court or its clerk is authorized to enter a default
> judgment based solely on the fact that the default has occurred.
> Even in those situation, however, consideration of <u>Poulis</u> type
> factors is required if a motion to lift the default is filed under
> Rule 55(c) or Rule 60(b) and a record is supplied that will
> permit such consideration.

<u>Anchorage Assocs.</u>, 922 F.2d at 177 n.9.

## **DISCUSSION**

The aforementioned factors set out in <u>Chamberlain</u> weigh in favor of entry

of default judgment.  The first factor weighs in favor of entry of default judgment

because Plaintiff will experience risk of prejudice if default judgment is denied.

Specifically, Defendant owes Plaintiff four hundred fifty-three thousand five

hundred seventy-four dollars and thirty-two cents ($453,574.32) in unpaid

principal of mortgage debt; nine thousand twenty-four dollars and eighty-eight

cents ($9,024.88) in accrued interest through June 6, 2017; and accrued interest

from June 6, 2017 through the date of this Order in the daily amount of fifty-four

dollars and thirty-seven cents ($54.37).   (<u>Id.</u>); (Doc. 8, p. 5).  As to the second

4

factor, Defendant "has not asserted any defense, either by answering the

allegations of the complaint or by opposing the present motion for default

judgment." <u>Asendia USA, Inc.</u>, 2013 U.S. Dist. LEXIS 32024, at *5.  Finally, in

regards to the third factor, "the Court can find no excuse or reason for Defendant's

default other than its own conduct." <u>Id.</u>  Specifically, Plaintiff has shown that

Defendant has been served with all of the required documents. <u>See</u> (Doc. 1).

"Despite this fact, Defendant has neither engaged in the litigation process nor

offered any reason for its failure to appear." <u>Asendia USA, Inc.</u>, 2013 U.S. Dist.

LEXIS 32024, at *5-6.  As a result of the foregoing analysis of the <u>Chamberlain</u>

factors, this Court finds that default judgment is warranted in favor of Plaintiff.

"Because default judgment will be entered, 'the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true.'"

<u>Deutsch Bank Nat'l Trust Co. v. Strunz</u>, 2013 U.S. Dist. LEXIS 3203, at *5-6

(M.D. Pa. 2013) (Kane, J.) (quoting <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142,

1149 (3d Cir. 1990)).  The factual allegations in the complaint, taken as true, are

sufficient to show that Plaintiff is entitled to relief requested.  (Doc. 1, pp. 1-4).

Additionally, Plaintiff has supported the amount of requested damages with

exhibits and an affidavit.  (Doc. 1, pp. 5-33); (Doc. 8, pp. 2-3).

**AND NOW, ON THIS 25TH DAY OF SEPTEMBER, 2017,** in accordance

with the foregoing discussion, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's motion for entry of default judgment, (Doc. 8), is
    **GRANTED** in accordance with Rule 55(b)(2) of the Federal Rules of
    Civil Procedure;

2.  Judgment is entered in favor of Plaintiff, United States of America,
    and against Defendant, East Norwegian Township Fire Company, in
    the amount of four hundred fifty-three thousand five hundred
    seventy-four dollars and thirty-two cents ($453,574.32) in unpaid
    principal of mortgage debt; nine thousand twenty-four dollars and
    eighty-eight cents ($9,024.88) in accrued interest through June 6,
    2017; and accrued interest from June 6, 2017 through the date of this
    Order, and thereafter with interest thereon from the date of judgment
    pursuant to 28 U.S.C. § 1961, in the daily amount of fifty-four dollars
    and thirty-seven cents ($54.37) as to the property located at 16
    Sunshine Street, Pottsville, Pennsylvania 17901 ("Property").

3.  The promissory note and mortgage between Plaintiff and Defendant
    are foreclosed as to the Property.  In accordance with the provisions
    of the National Housing Act, there is no right of redemption in the
    mortgagor or any other person.  See 12 U.S.C. § 1701k.

4.  The Property shall be sold according to the following:

    (a)  The United States Marshal for the Middle District of
         Pennsylvania is directed to sell the Property for cash to
         the highest bidder at a public, judicial sale pursuant to
         Title 28 U.S.C. Section 2001 within one hundred eighty
         (180) days of this Order.  Notice must be given, in

accordance with 28 U.S.C. Section 2002, once a week for four (4) consecutive weeks prior to the sale in one (1) newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated.  To reduce the costs and expenses of tax sale, Plaintiff may advertise a short description of the Property rather than a complete legal description;

(b)     Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void, and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured.  The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges, and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps.  If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder;

7

    (c)    Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and account, and all other items, things, and information necessary for the inspection, advertisement, and sale of the Property; and

    (d)    Motion for Confirmation of the public sale shall be made by the Marshal or Plaintiff to the Court within thirty (30) days after the date of sale.

5.    Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court;

6.    Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale;

7.    A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk of Court;

8.    The Clerk of Court is directed to **CLOSE** this matter; and

9.    Jurisdiction is retained over this matter for the purpose of consideration of orders and decrees as circumstance may require.


**/s/ William J. Nealon**
**United States District Judge**

8